IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WAL-MART STORES, INC.　　　　　　　　　　　　　　　　　MOVANT

　　V.　　　　　　　　　Civil No. 06-MC-00003

GENERAL POWER PRODUCTS, LLC　　　　　　　　　　　RESPONDENT

O R D E R

Now on this 20th day of April, there comes on for consideration the Objection to Subpoena Duces Tecum & Notice of Deposition; and, Motion to Quash or, Alternatively, Motion to Modify; and Motion for Protective Order (Doc. 1). The Court, being well and sufficiently advised in the premises, finds that the Motion should be and hereby is GRANTED IN PART and DENIED IN PART as set forth herein.

The Subpoena Duces Tecum and Notice of Deposition Duces Tecum of the Custodian of Records at Wal-Mart Stores, Inc. (Doc. 1, Ex. A) are quashed and modified to the extent that the representative **shall** be expected to testify on the following matters:

(1) The precise date that the Yard-Man lawnmowers with "Made in China" and overhead valve engines (hereinafter the "lawnmowers") were first held out for sale at the Wal-Mart retail outlets; and

(2) The precise date(s) that the lawnmowers were first sold in the United States.

The representative **shall not** be expected to testify as to

Wal-Mart's current inventories of the lawnmowers or the amount of sales made from purchases of the lawnmowers as the request is overbroad and not likely to yield relevant information.

The representative **shall** produce:

(1) All documents which support the date that the lawnmowers were first held out for sale at Wal-Mart's retail outlets; and

(2) All documents which support the date that the first lawnmowers were sold by Wal-Mart in the United States.

The representative **shall not** produce the following as the Court finds that these requests are overbroad and are not likely to yield relevant information:

(1) All documents received, reviewed and generated by Wal-Mart in connection with the purchase of the lawnmowers;

(2) All documents which evidence in any fashion or manner any payments or other consideration given by Wal-Mart in connection with Wal-Mart's purchase of the lawnmowers from MTD Products, Inc.;

(3) All current inventories of the lawnmowers; and

(4) All sales records relating to the purchases of the lawnmowers to date.

The deposition shall be noticed for a date no sooner than ten (10) days from the date of this Order. Finally, the Motion for a Protective Order is DENIED based upon Respondent's assertion that it has offered to enter into a

stipulated protective order with Movant.

IT IS SO ORDERED this 20th day of April 2006.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge