IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


WAL-MART STORES, INC.                                    MOVANT

        vs.                        NO. CIV 2006-FA-3

GENERAL POWER PRODUCTS, LLC                              RESPONDENT


Relating To A Matter Pending In The
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Case No. 1:06CV143


GENERAL POWER PRODUCTS, LLC,
        Plaintiff

vs.

MTD PRODUCTS INC.

And

CHONGQING ZONGSHEN GENERAL
POWER MACHINE CO., LTD.
        Defendants

## STIPULATED PROTECTIVE ORDER

        WHEREAS, the parties to this action have served, or may serve, subpoenas, notices of

depositions, interrogatories, requests for production of certain documents and tangible things,

requests for admissions, and other requests for information, the responses to which will call for

the disclosure of Confidential Information, as defined below; and

        WHEREAS, the parties agree that the production of such Confidential Information will

be subject to the terms and provisions of this Protective Order;

IT IS on this _____ day of April, 2006, hereby ORDERED that:

A.  Definitions

1.  The term "Information" as used in this Protective Order shall mean and refer to: (a) discovery responses and other written information; (b) responses to third subpoenas and other requests for information; (c) testimony and other oral statements, transcripts or recordings thereof, including exhibits thereto; (d) documents and things produced; (e) any other form or format in which discovery or disclosure is made in this action, whether in writing, on electronic, magnetic and/or digital media or otherwise; and (f) any information contained in any of the foregoing.

2.  The terms "Confidential Information" or "Confidential" are defined herein to mean any Information which Wal-Mart Stores, Inc. ("Wal-Mart") or General Power Products, LLC ("General Power") deems private and/or confidential including, without limit to: sales information, sales strategy, marketing, inventory information, inventory logistics, and revenue and income data; information regarding Wal-Mart's present or future business, products, services, operations, processes, strategies and techniques; Wal-Mart's policies and procedures; information concerning Wal-Mart customers; information pertaining to Wal-Mart's internal processes and procedures; and other proprietary information of Wal-Mart. The definition of "Confidential Information" is intended to have the broadest interpretation permitted by law.

B.  Designation of Confidential Information

1.  Any party hereto claiming in good faith that any Information is Confidential shall designate those materials which are considered to be Confidential and covered by this Protective Order in writing or on the stenographic record to the other party and its

2

attorneys not later than fifteen (15) days after disclosure of any such materials. Any document, response, pleading, or interrogatory answer which a party in good faith believes ought to be covered by this Protective Order and which is delivered to the opposing party shall be stamped "CONFIDENTIAL" by the originating party on or before the time of delivery. In the event it is not practical to stamp Information as "CONFIDENTIAL," as in the case of Information that is obtained or maintained electronically and/or Information that is received from a third party, it will be sufficient to provide written notice of a party's claim that the Information is Confidential. As to deposition testimony, such designation shall be made on the record at the time of the deposition or in writing within 15 days after the testimony is transcribed and delivered to the parties.

2. This Protective Order shall be without prejudice to any party bringing before the Court at any time the question whether any particular Information is or is not Confidential as defined in this Protective Order. Documents designated as Confidential will be treated as Confidential until a Court rules that the document is not Confidential.

C. Use of Confidential Information.

No Confidential Information produced or disclosed in this matter may be used by any person, firm or entity for any purpose whatsoever except for the prosecution, defense or settlement of the litigation currently pending in the U.S. District Court, Southern District of Ohio, Western Division, captioned General Power Products, LLC v. MTD Products, Inc., et. al., Case No: 01-06-CV-143. Information designated as Confidential shall be kept strictly confidential and shall not be disclosed, disseminated, discussed or otherwise published in whole or in part, directly or indirectly, by any manner, method or means whatsoever to any person, firm or entity except as provided herein.

D.     Filing of Confidential Information

All transcripts, depositions, exhibits, interrogatory answers, pleadings, and other documents which are filed with any Court in this matter (including the litigation pending in the U.S. District Court, Southern District of Ohio, Western Division, referenced in the caption above) that contain Information designated as Confidential, and all pleadings, briefs and memoranda purporting to produce or paraphrase such Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and words in substantially the following form.:

> "This envelope contains documents which are filed
> in this case by [name of party] and, by Order of this
> Court, shall not be opened nor the contents hereof
> be displayed or revealed except by further order of
> the Court."

E.     Use of Confidential Information at Public Trials or Hearings

In the event that any party hereto intends to use any Confidential Information in any public trial or hearing in this matter or any appeal therefrom, the party proposing to use said Information shall give adequate notice to the producing party to permit the producing party an opportunity to seek appropriate protection from the Court.

F.     Disclosure of Confidential Information

    1.     The disclosure of Confidential Information shall be limited to:

        a.     The attorneys for the parties herein and in the litigation pending in the U.S. District Court, Southern District of Ohio, Western Division, referenced in the caption above, including in-house counsel, and such other attorneys who shall enter an appearance in this action;

        b.     Secretaries, paralegals, legal assistants, and other personnel regularly employed by attorneys in this action;

4

        c.      Any former, present or future director, officer or employee of the parties to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

        d.      Witnesses and consultants, including investigators and experts, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action and subject to the requirements of paragraph F.3. hereof; and

        e.      Stenographic court reporters or anyone else involved in the memorialization or transcription of testimony in this action.

2.      The persons identified in paragraph F.1. shall be prohibited from disclosing any Confidential Information except as provided herein, or except as otherwise agreed upon by the party designating the Confidential Information, or except as permitted by order of this Court or as ordered by any other court or as required by a subpoena; provided, however, that a party who intends to produce any of the Confidential Information in response to an Order of Court or subpoena shall, prior to producing such Information, give all other parties to this Protective Order such notice as is reasonably practicable of the intention to do so. If a protective order cannot be obtained and a recipient of Confidential Information is compelled by a court order to disclose it, that person or entity may disclose only such portion of such Information that is required to be disclosed.

3.      Confidential Information may be disclosed to such individuals, including witnesses, consultants, and experts, as may be deemed necessary by any party to assist in the preparation of this case, provided that, prior to disclosure of the Confidential Information, such persons shall be required to read a copy of this Protective Order and sign a form affirming that a) they have read this Protective Order; b) they understand all of its terms; c) they consent to be bound by its terms; and d) they certify that they will not use any of the Confidential Information for any purpose other than the prosecution or defense of this case. The party making the

disclosure of the Confidential Information to such persons shall be responsible for assuring compliance with this provision. Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving Confidential Information, and any expert or consultant who is found by this Court to have violated the terms of this Order shall be barred from testifying at trial. Any acknowledgement signed by a person who has been designated by a party as a witness shall be available for inspection by counsel for all parties.

4.    Nothing contained herein shall prevent any party from disclosing Confidential Information to any witness during a deposition. However, unless a deposition witness has complied with paragraph F.3. of this Order, no deposition witness may review or retain any Confidential Information before or after the deposition.

G.    Inadvertent Production

1.    Any party may request the return of any inadvertently produced document, including, but not limited to, any document the party claims is covered by the attorney-client or work product privilege. Any such inadvertent production will not be considered to have waived any claim of privilege or protection from discovery. A request for the return of an inadvertently produced document shall identify the document inadvertently produced and the basis for withholding such document from production. Upon receipt of such a request, each party who received the document shall return each copy to the person making the request. In addition, each party who received the document shall locate and return all copies of the inadvertently produced document that may have been distributed by said party to any other person, firm or entity. All copies of the inadvertently produced document shall be returned within fifteen (15) days of receipt of the request. The party who received the inadvertently produced document shall not disseminate it to any person, firm or entity; utilize the contents of the document; raise the

6

document before the Court or jury; or otherwise act to compromise the privileged nature of the document in this or any other litigation.

2.  Any request for the return of an inadvertently produced document shall be made within the following time periods: (a) for documents that have been marked as an exhibit at a deposition or attached as an exhibit to a motion or brief in this case, within fifteen (15) days of the date of the marking of the deposition exhibit or of the date on which the requesting party was served with such motion or brief; or (b) for documents that have not been marked as an exhibit, within thirty (30) days before trial.

3.  Any dispute concerning the timeliness of the request or the timeliness of the return of the inadvertently produced document may be resolved by the filing of an appropriate motion with the Court. Until the Court has resolved any such motion, no party in possession of any document that is the subject of the dispute shall disseminate or use the document for any purpose.

H.  General Provisions

1.  A party shall be allowed to designate as Confidential at a later date Information produced by any other party or entity, at which time the provisions of this Order shall apply to such Information.

2.  Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any Information or documents based on any proper objection, including lack of timeliness or relevance or materiality, or as a privileged communication, or as work product of counsel, or as not calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Information.

3.       Upon final termination of General Power Products, LLC v. MTD Products, Inc., et. al., Case No: 01-06-CV-143, the parties and any other person subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Information marked "Confidential" and all copies, summaries and abstracts thereof to the extent they disclose such Confidential Information, and to return or destroy all other material, memoranda or documents embodying such Confidential Information; providing, however, that counsel of record for the parties may retain all pleadings and other materials constituting work product including all documents filed with the Court.  All persons and entities to whom Confidential Information is disclosed pursuant to the terms of this Order shall certify within 30 days of the termination of this action that they have complied with this paragraph.

4.       Upon the request of any Party, and with proper notice to any opposing party, the Court may modify or amend this Order.

5.       It is contemplated by this Protective Order that the Information covered by this Order shall be treated as Confidential even after the resolution of General Power Products, LLC v. MTD Products, Inc., et. al., Case No: 01-06-CV-143.  The District Court of the Western District of Arkansas, Fayetteville Division, shall retain jurisdiction to enforce this Protective Order.

IT IS SO ORDERED on this _15_ day of May, 2006.

Cintl 651123v2

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 1 5 2006

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

8

APPROVED AS TO FORM AND CONTENT:

Vince Chadick
Attorney for Movant, Wal-Mart Stores, Inc.

Nancy Bride
Attorney for Respondent, General Power Products, LLC

2